# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1603

_____

| | | |
|---|---|---|
| Losay Kimba, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Pizza Hut of America, Inc., a foreign | * | District of Minnesota. |
| corporation; Kevin Megan, individually | * | |
| and as an employee of Pizza Hut of | * | [UNPUBLISHED] |
| America, Inc.; Michael Gold, | * | |
| individually and as an employee of | * | |
| Pizza Hut of America, Inc., | * | |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: November 15, 2000

Filed: December 19, 2000

_____

Before LOKEN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Losay Kimba was fired from a Pizza Hut restaurant for allegedly smoking marijuana while working. Kimba alleged claims of racial discrimination and defamation against Pizza Hut. Kimba's claim of racial discrimination rested upon the disparate treatment of a white employee working for another restaurant owned by Pizza

Hut, who allegedly engaged in the same action as Kimba, but was not fired. Kimba's defamation claim rests upon statements by his Pizza Hut managers that he was witnessed to have smoked marijuana while working.

The district court dismissed both of Kimba's claims. The court first found that Kimba's discrimination claim was lacking because the white employee was not similarly situated, i.e. he worked at another Pizza Hut under a different manager. The court also dismissed the defamation claim, reasoning that since the employer reasonably believed that Kimba had smoked marijuana on the job, it was protected by a qualified privilege.

Upon review of the briefs and the record, we affirm the judgment of dismissal of the plaintiff's claim based upon the well-reasoned opinion of the district court. See Eighth Circuit Rule 47(b).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.